UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERIC RHETT,<br><br>Plaintiff,<br><br>v.<br><br>DIVISION OF HOUSING and DEPARTMENT OF COMMUNITY AFFAIRS,<br><br>Defendants. | Civil Action No. 14-5055 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

Pro se Plaintiff Eric Rhett ("Plaintiff" or "Rhett") submitted a Complaint to this Court on August 12, 2014. At that time, the Court could take no action because Plaintiff had neither paid the required filing fee nor applied to proceed without prepayment of fees. He has subsequently submitted an application to file his Complaint without prepayment of fees and proceed in forma pauperis. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915 and will direct that the Clerk of the Court file Plaintiff's Complaint. However, under § 1915, which governs proceedings filed in forma pauperis, the Court must examine the merits of the claims asserted and dismiss them if it determines that the action cannot or should not proceed. For the following reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

1

I.      Background

The Complaint submitted by Plaintiff seeks enforcement of a "housing contract" and dismissal of an eviction action filed against Rhett in the Superior Court of the State of New Jersey. As best the Court can construe the allegations set forth in the Complaint, Rhett maintains that he is entitled to housing assistance from the State government due to his physical disabilities. He attaches to the Complaint a letter dated March 11, 2014 from the State of New Jersey's Department of Community Affairs, Division of Housing & Community Resources, which is named as the Defendant in this action. (The Court will hereinafter refer to it as "Defendant" or the "Division of Housing.") The letter confirms that Rhett will receive financial assistance in the amount of the entire monthly rent, plus an additional amount for utilities, for the apartment unit he occupies at 195 West Main Street in Rahway. It further states that the payments take effect April 1, 2014 and will continue until March 31, 2015. This letter to Rhett from the Division of Housing is copied to 195 West Main Street Corporation, which appears to be Rhett's landlord. According to the Complaint and attached documents, Rhett's landlord initiated an eviction proceeding against him in or about July 2014. Rhett states in his Complaint that the eviction action is based on the alleged non-payment of rent.[1] Rhett claims the eviction proceeding lacks merit because he is not responsible for the rent. He asserts that the fault lies with the Division of Housing and asserts that its failure to pay the financial assistance to which Rhett is entitled violates a number of federal statutes, namely, § 504 of the Rehabilitation Act of 1973 ("§ 504"), Title VI of the Civil Rights Act of 1964 ("Title VI") and the Americans with

---

[1] While the substance of the eviction action has no bearing on the Court's analysis of the claims pled by Rhett in this action, the Court does note that he did not attach a copy of the eviction complaint to his submission. This Court assumes, for purposes of this motion only, that the grounds for eviction proceedings concern unpaid rent, as alleged by Plaintiff.

Disabilities Act ("ADA").  To remedy these alleged violations, Plaintiff asks this Court to enforce his right to financial housing assistance, order the Division of Housing to pay any rent due and owing to Rhett's landlord in full and terminate the New Jersey Superior Court's eviction proceedings, or alternatively, order that the proceedings be transferred to this Court.

## II.     Discussion

At the outset, the Court notes that because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even so, because Plaintiff proceeds in forma pauperis, the Court must review his Complaint pursuant to 28 U.S.C. § 1915(e) and dismiss the action if it determines that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal –
>
>> (i)     is frivolous or malicious;
>>
>> (ii)    fails to state a claim on which relief may be granted; or
>>
>> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

To evaluate whether a complaint must be dismissed under § 1915(e)(2)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as

that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court will apply this standard to each of the federal claims under which Rhett seeks relief.

      Title VI provides that "[n]o person ... shall, on the ground of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any activity of program receiving Federal financial assistance." 42 U.S.C. § 2000d. Rhett does not allege he was denied financial housing assistance on any ground which would give rise to a violation of Title VI. As such, he has failed to plead a cognizable Title VI claim.

      His § 504 and ADA claims must also be dismissed. Section 504 prohibits discrimination on the basis of physical or mental disability in connection with a federally funded program. 29 U.S.C. § 794(a). Title II of the ADA also prohibits discrimination on account of disability. 42 U.S.C. § 12132. Unlike § 504, it applies to all public entities whether they receive federal funds or not. Yeskey v. Commonwealth of Pa. Dep't of Corrections, 118 F.3d 168, 170 (3d Cir. 1997). The Third Circuit has noted that the substantive provisions of the statutes are similar and held that, in light of the congressional mandate that Title II of the ADA be interpreted consistent with § 504, these causes of action should be analyzed together. Id.; see also Doe v. County of Centre,

4

Pa., 242 F.3d 437, 446 (3d Cir. 2001) (holding that "the protections found in the ADA and in the Rehabilitation Act are interpreted similarly" and in some cases are identical.). To state a claim for relief under § 504, Plaintiff must allege that: (1) he is disabled; (2) he is "otherwise qualified" for the benefit sought; (3) she is being excluded from the participation in, denied the benefits of, or subjected to discrimination "solely by reason of ... [her] disability;" and (4) the entity in question receives federal financial assistance. Doe v. Div. of Youth and Family Svcs., 148 F.Supp.2d 462, 490 (D.N.J. 2001).  Similarly, to plead an actionable ADA Title II violation, Plaintiff must allege that (1) he is a "qualified individual with a disability"; (2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) the exclusion, denial of benefits, or discrimination was by reason of her disability.  42 U.S.C. § 12132; Lopez v. Beard, 333 F. App'x 685, 687 n. 1 (3d Cir. 2009). While Plaintiff does allege that he suffers from a significant physical impairment, specifically congenital muscular dystrophy, he does not allege that he has been denied his housing benefits by reason of his disability.  Rather, he alleges that the Division of Housing has failed to make a timely rent payment to the landlord.  Plaintiff cannot, on the facts alleged, maintain his claims under § 504 of the Rehabilitation Act or Title II of the ADA.

### III.     Conclusion

The Complaint fails to state any facts from which it could be inferred that Defendant is liable under any of the federal causes of action he asserts in his Complaint.[2]  Accordingly, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).   An appropriate order dismissing this action will be filed.

 s/Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge

Dated: December 12, 2014

---

[2] Moreover, the Court notes, to the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti-Injunction Act prohibits this Court from taking such action. E. Liggon-Redding v. Generations, No. 14-3191 (JBS), 2014 WL 2805097, at *2 (D.N.J. June 20, 2014 (holding that under the Anti-Injunction Act, federal courts generally "lack the authority to stay any state court proceedings, including Eviction Actions."). The Anti-Injunction Act provides that '[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.